**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WILLIAM LATHERS**                                                      **CIVIL ACTION**

**VERSUS**                                                                      **NO. 07-2891**

**NELSON COLEMAN CORRECTIONAL**                              **SECTION:  "B"(1)**
**CENTER, ET AL.**

### REPORT AND RECOMMENDATION

      Plaintiff, William Lathers, a state prisoner, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against the Nelson Coleman Correctional Center and St. Charles Parish Sheriff Greg Champagne.  Plaintiff claims that he slipped at the jail and has not been provided with adequate medical care for his resulting injury.

      This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's complaint should be dismissed as frivolous and for otherwise failing state a claim on which relief may be granted.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff

As a preliminary matter, the Court notes that the Nelson Coleman Correctional Center, one of the named defendants, is clearly improper.  A prison is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983.  See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Further, in any event, plaintiff's underlying claims are subject to dismissal for the following reasons.

In this lawsuit, plaintiff claims that, on May 8, 2007, he slipped in a puddle of water at the jail and injured his ankle.  To the extent that he is asserting a "slip and fall" negligence claim, such a claim simply is not cognizable in a federal civil rights action filed pursuant to 42 U.S.C. § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'"  Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

----

simply is not entitled to relief for the reasons set forth in this opinion.

3

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983.  In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983.  Id. at 328.  Rejecting the inmate's claims, the Supreme Court noted:  "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person.  To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."  Id. at 332.  The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept.  Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail.  Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted).  Similarly, the Fifth Circuit has expressly noted that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983."  Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (rejecting claim of prisoner whose ring was damaged after she slipped on a wet floor).  Accordingly, plaintiff's "slip and fall" negligence claim simply is not cognizable in a § 1983 action.

To the extent that plaintiff is asserting a claim for inadequate medical care for his resulting injury, it is evident from the face of the complaint that he has not exhausted his administrative remedies with respect to that claim.  The Prison Litigation Reform Act of 1995 ("PLRA"), as

4

amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added).  Exhaustion is *mandatory* in cases covered by § 1997e(a).  Id. at 524.

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).  Plaintiff filed this lawsuit *in forma pauperis*.

From the face of the complaint, it is evident that plaintiff did not exhaust his administrative remedies with respect to his medical care claim.  He expressly states on the complaint that the Nelson Coleman Correctional Center has a prisoner grievance procedure and that he did not file an administrative grievance regarding the claim.[3]  He further states that he failed to do so "because the relief that I seek cannot be obtain through the prison grievance procedures."[4]  That, however, is not a valid justification for failure to exhaust.  The Supreme Court has specifically held that "an inmate must exhaust *irrespective of the forms of relief sought and offered through administrative avenues*."

---

[3] Complaint, pp. 2-3.

[4] Complaint, p. 3.

Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (emphasis added).  Further, the United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth."  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Accordingly, the undersigned recommends that the medical care claim be dismissed based on plaintiff's failure to exhaust his administrative remedies with respect to that claim.

In making that recommendation, the undersigned specifically finds that Jones v. Bock, 127 S.Ct. 910 (2007), does not dictate a different result.  In Jones, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Id. at 921.  However, in the instant case, the undersigned's recommendation is not based on a mere failure to plead or demonstrate exhaustion.  Rather, here plaintiff expressly states that he did *not* exhaust and offers a clearly invalid excuse for failing to do so.  Nothing in Jones requires a federal court to ignore a plain statement in the complaint which in and of itself establishes a fatal defect in plaintiff's claim.  To the contrary, the Supreme Court noted in Jones that a complaint may be dismissed for failure to state a claim when an affirmative defense, such as prescription, is apparent from the face of the complaint. Id. at 920-21.  Moreover, it is clear that a federal court may raise an affirmative defense *sua sponte*. Ali v. Higgs, 892 F.2d 438, 400 (5th Cir. 1990); Brinson v. McKeeman, 992 F. Supp. 897, 905 (W.D. Tex. 1997).  Justice simply is not served by requiring additional pointless expenditures by the Court, the United States Marshal, and governmental defendants with respect to a prisoner's *in forma*

*pauperis* action where an affirmative defense is "both obvious and facially meritorious."  See <u>Ali</u>, 892 F.2d at 440.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff's claim against the Nelson Coleman Correctional Center be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that plaintiff's "slip and fall" claim against be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that plaintiff's medical care claim be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of May, 2007.

 

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**